**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAKISHA M. BRYANT,

      Plaintiff - Appellant,

  v.

WILLIAM J. PETTIS, also known as Willie
J. Pettis, Jr.,

      Defendant - Appellee.

No. 25-5600

D.C. No.
1:24-cv-00020

MEMORANDUM[*]

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Lakisha Bryant appeals the district court's dismissal of her diversity action

against William Pettis based on an alleged sexual assault in 1994. The district court

dismissed Bryant's criminal claims for lack of jurisdiction and civil claims as

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

untimely under Guam's statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo the district court's dismissal of Bryant's criminal claims for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1063 (9th Cir. 2025). Bryant's claims under Guam's criminal sexual-conduct statutes, 9 Guam Code Ann. §§ 25.15 and 25.20, are nonjusticiable because a private party cannot initiate the criminal prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor do those statutes provide a private right of action. *See* 9 Guam Code Ann. §§ 25.15, 25.20. We will not imply a private cause of action from a criminal statute without some statutory basis for inferring that one exists, *see Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Alexander v. Sandoval*, 532 U.S. 275, 286–88 (2001), and Bryant does not identify any statutory language to support such an inference.

2. We review de novo the district court's dismissal of Bryant's civil claims on statute-of-limitations grounds. *See Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). A federal court sitting in diversity applies the forum's substantive law, including its statute of limitations. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Clark v. Eddie Bauer LLC*, 30 F.4th 1151, 1154 (9th Cir. 2022). Guam's statute of limitations for personal injury actions, including assault

and battery, is two years. 7 Guam Code Ann. § 11306(a). Because Bryant's claims accrued in 1994 when the alleged assault occurred, she was required to file suit by 1996. Her complaint filed in 2024 came nearly 28 years after the limitations period expired and was therefore untimely. Whether the two-year period in § 11306 or the four-year catch-all period in § 11312 applies to Bryant's emotional distress claims does not matter because both periods expired decades before she filed suit. 7 Guam Code Ann. §§ 11306(a), 11312.

Bryant's civil claims are not subject to equitable tolling. *See Guam Hous. & Urban Renewal Auth. v. Dongbu Ins.*, 2001 Guam 24, ¶ 14 ("*GHURA*") (confining equitable tolling to the insurance context); *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2020 Guam 20, ¶ 80 ("Since *GHURA*, we have not adopted this doctrine in any other case."). Nor does Guam's discovery rule save Bryant's civil claims. Under that rule, the statute of limitations begins to run when a plaintiff, exercising reasonable diligence, suspects or should have suspected that her injury was caused by wrongdoing. *See Bautista v. Torres*, 2020 Guam 28, ¶ 26 n.2. Taking Bryant's allegations as true, she discovered the facts giving rise to her claims in 1994 or 1995, when she became aware of the alleged assault and resulting pregnancy. At most, the discovery rule would extend the filing deadline to 1997 under the two-year statute of limitations or 1999 under the four-year statute of limitations. *See* 7 Guam Code Ann. §§ 11306(a), 11312.

3.	Dismissal of a pro se complaint without leave to amend is proper if the deficiencies of the complaint are not curable by amendment. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Because the applicable statute of limitations expired more than 20 years before Bryant filed suit, and because neither equitable tolling nor the discovery rule extends that deadline under Guam law, no amendment could cure the defect. Dismissal with prejudice was therefore appropriate.

**AFFIRMED.**